Joseph D. McDonald, OSB No. 842909
Smith, McDonald & Vaught, LLP
1100 S.W. Sixth Avenue, Suite 1504
Portland, Oregon 97204
Telephone: (503) 248-9535
Facsimile: (503) 248-9538
jmcdonald@smvllp.com

Kevin W. Kirsch
kkirsch@bakerlaw.com
(*pro hac vice* application to be filed)
David A. Mancino
dmancino@bakerlaw.com
(*pro hac vice* application to be filed)
John F. Bennett
jbennett@bakerlaw.com
(*pro hac vice* application to be filed)
Matthew P. Hayden
mhayden@bakerlaw.com
(*pro hac vice* application to be filed)
Baker & Hostetler LLP
312 Walnut Street, Suite 3200
Cincinnati, Ohio 45202-4074
Telephone: (513) 929-3499
Facsimile: (513) 929-0303
Attorneys for Plaintiff
Cincinnati Bell Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| CINCINNATI BELL INC., <br><br> Plaintiff, <br><br> v. | CV '10 - 1453 <br> CASE NO.: _____ <br><br> COMPLAINT FOR DECLARATORY |

PAGE 1 – COMPLAINT

37255

|  |  |
|---|---|
| **TRAFFIC INFORMATION LLC.,**<br><br>       Defendant. | **RELIEF IN PATENT CASE**<br><br>**DEMAND FOR JURY TRIAL** |

   Plaintiff Cincinnati Bell Inc. ("Cincinnati Bell"), for its complaint against Traffic Information LLC ("Traffic Information"), alleges as follows:

   1.   Cincinnati Bell is an Ohio corporation with its principal place of business at 221 East Fourth Street, Cincinnati, OH 45202.

   2.   On information and belief, Traffic Information is a limited liability company organized and operating under the laws of the State of Texas with its principal place of business at 601 SW 2nd Ave Ste 1600, Portland, OR 97204-3157.

   3.   On information and belief, Kevin Russell is a manager of Defendant Traffic Information and one of the named inventors of the patents in suit. On information and belief, Russell also maintains his office at 601 SW 2nd Ave Ste 1600, Portland, OR 97204-3157.

   4.   This Court has jurisdiction over the subject matter of this action under Title 35 of the United States Code, as well as under 28 U.S.C. §§ 1331, 1332, 1338, 2201, and 2202, on the grounds that Cincinnati Bell seeks a declaration of its rights against accusations of patent infringement and implied threats of patent infringement litigation made by Traffic Information concerning products and/or services of Cincinnati Bell.

5. Upon information and belief, this Court has personal jurisdiction over Traffic Information because it is based in and conducts business from the State of Oregon. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400 because a substantial part of the events giving rise to the claims presented in this complaint occurred in this district. Venue is further proper because Traffic Information is subject to personal jurisdiction in this judicial district and is therefore deemed to reside in this district under 28 U.S.C. § 1391(c). Further, this Court has already determined that venue is appropriate in this judicial district against Traffic Information with respect to the same two patents in suit in the case titled *Google v. Traffic Information*, Case No. 3:09-cv-00642, filed June 9, 2009.

6. On or about November 4, 2010, Traffic Information sent Cincinnati Bell a letter in which Traffic Information accused Cincinnati Bell of using, without a license, technology covered by one or more claims of U.S. Patent No. 6,466,862 ("the '862 Patent") and U.S. Patent No. 6,785,606 ("the '606 Patent") and advised Cincinnati Bell to cease and desist from infringing any claims of the '862 and '606 Patents.

7. Attached as Exhibits 1 and 2 are copies of the '862 and '606 Patents, respectively.

8. Upon information and belief, Traffic Information, by its letter, intended to accuse Cincinnati Bell of infringing one or more claims of the '862 and '606 Patents.

9. Cincinnati Bell, however, does not infringe any valid claim of the '862 Patent or the '606 Patent.

10. Traffic Information has initiated many patent infringement actions based on the '862 and '606 Patents in the Eastern District of Texas against more than 50 different defendants. These actions include, but are not limited to, the following:

- Traffic Information v. Alpine Electronics 2:08-cv-00007 (filed 01-08-2010, terminated 04-15-2009) - 6,785,606

- Traffic Information v. HTC USA 2:08-cv-00404 (filed 10-20-2008, terminated 09-17-2009) - 6,466,862 and 6,785,606

- <u>Traffic Information v. AT&T Mobility</u> LLC 2:09-cv-00083 (filed 03-20-2009) - 6,785,606

- <u>Traffic Information v. American Honda Motor Co.</u> 2:07-cv-00391 (filed 09-07-2007, terminated 03-12-2008) - 6,785,606

- <u>Traffic Information v. Cricket Communications</u> 2:10-cv-00226 (filed 07-06-2010) - 6,785,606 and 6,466,862

11.   Based on the cease and desist letter sent by Traffic Information and the history of litigations filed by Traffic Information on these same patents, there is a real and immediate controversy over the aforementioned matters between Cincinnati Bell and Traffic Information, the resolution of which is necessary in order that Cincinnati Bell may avoid wrongful injury to the reputation of its goods and services in the marketplace and other direct injury suffered from Traffic Information's wrongful allegations.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment of Non-infringement)

12.   Cincinnati Bell incorporates the foregoing allegations as if fully restated herein.

13.   Cincinnati Bell has not and is not now infringing, actively inducing the infringement of, or contributorily infringing any valid claim of the '862 Patent.

14.   A justiciable controversy exists as to whether Cincinnati Bell has been or is now infringing any valid claim of the '862 Patent.

15.   Cincinnati Bell seeks a declaration from this Court that Cincinnati Bell has not and is not now infringing, actively inducing the infringement of, or contributorily infringing any valid claim of the '862 Patent.

16.   Absent the requested declaration by the Court, Cincinnati Bell will suffer irreparable injury.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment of Non-infringement)

17. Cincinnati Bell incorporates the foregoing allegations as if fully restated herein.

18. Cincinnati Bell has not and is not now infringing, actively inducing the infringement of, or contributorily infringing any valid claim of the '606 Patent.

19. A justiciable controversy exists as to whether Cincinnati Bell has been or is now infringing any valid claim of the '606 Patent.

20. Cincinnati Bell seeks a declaration from this Court that Cincinnati Bell has not and is not now infringing, actively inducing the infringement of, or contributorily infringing any valid claim of the '606 Patent.

21. Absent the requested declaration by the Court, Cincinnati Bell will suffer irreparable injury.

## PRAYER FOR RELIEF

WHEREFORE, Cincinnati Bell prays for the following relief against Traffic Information:

A. That this Court enter a declaration that Cincinnati Bell has not and is not now infringing, actively inducing the infringement of, or contributorily infringing any valid claim of the '862 Patent;

B. That this Court enter a declaration that Cincinnati Bell has not and is not now infringing, actively inducing the infringement of, or contributorily infringing any valid claim of the '606 Patent;

C. That this Court enter an order precluding Traffic Information from commencing or maintaining any action against Cincinnati Bell, its customers, or end users of products and services of Cincinnati Bell; and

D. That Cincinnati Bell be awarded such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Cincinnati Bell hereby demands a trial by jury of all issues.

Dated: November 24, 2010               Respectfully submitted,

                                      _____
                                      Joseph D. McDonald, OSB No. 842909
                                      Smith, McDonald & Vaught, LLP
                                      1100 S.W. Sixth Avenue, Suite 1504
                                      Portland, Oregon 97204
                                      Telephone:  (503) 248-9535
                                      Facsimile:  (503) 248-9538
                                      jmcdonald@smvllp.com


                                      Of counsel:

                                      Kevin W. Kirsch
                                      David A. Mancino
                                      John F. Bennett
                                      Matthew P. Hayden
                                      Baker & Hostetler LLP
                                      312 Walnut Street, Suite 3200
                                      Cincinnati, Ohio  45202-4074
                                      Telephone:  (513) 929-3499
                                      Facsimile:   (513) 929-0303
                                      kkirsch@bakerlaw.com
                                      dmancino@bakerlaw.com
                                      jbennett@bakerlaw.com
                                      mhayden@bakerlaw.com

                                      (*pro hac vice* applications to be filed)

                                      ATTORNEYS FOR PLAINTIFF
                                      CINCINNATI BELL INC.

503147332